By the Court.
The relator filed his petition in mandamus against the Governor of Ohio, alleging *217 that under the provisions of Section 4268, General Code, and under the further provisions of Section 14 of the Prohibition Commissioner Act of February 9, 1921, he had filed with the governor a complaint against the mayor of the city of Cincinnati.
• This complaint alleged that the mayor was guilty of gross neglect of duty in failing to enforce in said city the Ohio laws relating to intoxicating liquors; that such were being openly sold in various places in said city, and that a committee had waited upon the mayor and formally notified him that the laws were being violated.
The petition further alleges that the respondent has taken no action upon the complaint and has failed to fix a time for its hearing or to issue process to compel the attendance of witnesses. Relator therefore asks for a writ of mandamus compelling respondent forthwith to serve the mayor of the city with a copy of the complaint and to fix a time for its hearing.
It has been held that “A writ of mandamus may issue against the governor commanding him to perform a purely ministerial act; but not to control his discretion in the performance thereof.” State, ex rel. Trauger, v. Nash, Governor, 66 Ohio St., 612.
Whether this action be considered as brought within the purview of Section 4268, General Code, or under Section 14 of the Prohibition Commissioner Act of February 9, 1921 (Section 6212-34, General Code), it is an endeavor to control the discretion of the governor in the performance of his duty. These sections involve more than a purely ministerial act upon the part of the governor. They *218 require, as a prerequisite, a determination whether the charges made are made in good faith and are supported by facts which in the judgment of the governor justify the filing of the complaint. In that respect the court cannot control his discretion.
The writ is denied and the petition dismissed.

Writ denied.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.
Wanamaker, J., concurs in the judgment.